
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL P. NEELON,

              Plaintiff - Appellant,

    v.

STAN BHARTI; BLAIR KRUEGER;
FORBES & MANHATTAN, INC.;
DESERT EAGLE RESOURCES, LTD.,
DBA Garrison International, Ltd.,

              Defendants - Appellees.

No.  12-56958

D.C. No.  2:12-cv-00874-R-MAN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 9, 2014
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and SMITH, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William E. Smith, Chief United States District Judge for the District Rhode Island, sitting by designation.

Daniel P. Neelon ("Neelon") appeals the district court's dismissal, on *forum non conveniens* grounds, of his claims against Stan Bharti ("Bharti") and Forbes & Manhattan, Inc. (collectively, "Defendants"). We reverse. Because the parties are familiar with the factual and procedural history of this case, it is unnecessary to recount it here.

Neelon argues that the district court abused its discretion by failing to accord Neelon's forum choice proper deference, failing to consider the relevant private and public interest factors, and striking an unreasonable balance of the factors that were considered.[1] We agree.

The district court offered the following consideration of the private and public interest factors:

> The key witnesses for plaintiff and defendants are located in Mongolia and Canada. In addition, most documentary evidence will have to be collected and shipped from these countries.
> Further, most, if not all, of the allegedly defamatory statements were made and disseminated from Canada.
> On balance, the public and private interest factors weigh in favor of the Court granting dismissal for *forum non conveniens*.

The district court failed to consider several relevant factors.

---

[1]Neelon does not challenge the district court's determination that Canada provides an adequate alternative forum for his claims. Accordingly, we do not address this aspect of the district court's ruling.

First, and most important, the district court failed to consider the residence of the parties. Although Neelon, a Massachusetts resident, resides outside of the forum, he is a United States citizen. "'[W]here the plaintiff is a United States citizen, the defendant must satisfy a heavy burden of proof,'" Boston Telecomms. Grp., Inc. v. Wood, 588 F.3d 1201, 1207 (9th Cir. 2009) (quoting Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143 (9th Cir. 2001)), and, "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed,'" id. (quoting Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1334-35 (9th Cir. 1984)).[2] The district court did not weigh Neelon's residency or consider the deference due Neelon's chosen forum.

---

[2] At oral argument, Defendants argued that this principle from Boston Telecomms. Grp., Inc. v. Wood, 588 F.3d 1201, 1207 (9th Cir. 2009), applies only in cases where the forum has ties to the claims asserted in the litigation; citing Lueck v. Sundstrand Corp., 236 F.3d 1137 (9th Cir. 2001), and In re Air Crash Over Taiwan Straits on May 25, 2002, 331 F. Supp. 2d 1176 (C.D. Cal. 2004), Defendants suggested that these cases hold that the forum choice of a United States citizen who is not a forum resident is not entitled to much deference where there is no connection between the forum and the underlying facts of the case. This argument is meritless. Nothing in Boston Telecomms. limits the deference that must be accorded the forum choice of a United States citizen who is not a forum resident in the manner suggested by Defendants. Moreover, in Lueck, 236 F.3d at 1140, all of the plaintiffs were citizens of New Zealand, and in In re Air Crash Over Taiwan Straits, 331 F. Supp. 2d at 1190, the "vast majority" of the plaintiffs were not United States citizens.

Second, the district court failed to consider the forum's convenience to the litigants, a private interest factor for which Defendants provided the district court no evidence. Although Bharti executed a brief declaration, it contained no allegation that litigation in California would be inconvenient for Defendants. Defendants' only effort to address convenience—both before the district court and on appeal—consisted of arguing that Neelon had failed to show that litigation in California would be convenient and that it would be inconvenient to litigate in Canada or Mongolia. Defendants misapprehend the identity of the party bearing the burden in the *forum non conveniens* inquiry. "[A] plaintiff need not select the optimal forum for his claim, but only a forum that is not so oppressive and vexatious to the defendant 'as to be out of proportion to plaintiff's convenience.'" Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1180 (9th Cir. 2006) (quoting Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000)). Defendants made no effort to shoulder their burden of showing oppressive and vexatious inconvenience in litigating in California.

Finally, the district court failed to explicitly consider any of the public interest factors, and, in any event, none of them appears to strongly favor dismissal.

In addition to the district court's failure to consider relevant factors, the district court made several errors in weighing the factors that it did consider. First and foremost, the district court erred by focusing solely on the location of the witnesses. "[T]he focus for this private interest analysis should not rest on the number of witnesses . . . in each locale but rather the court should evaluate the materiality and importance of the anticipated . . . witnesses' testimony and then determine their accessibility and convenience to the forum." Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1231 (9th Cir. 2011), cert. denied, 133 S.Ct. 1996 (2013) (quoting Boston Telecomms., 588 F.3d at 1209) (internal quotation marks omitted). The district court failed to perform the required analysis, and Defendants failed to provide enough information to do so. Defendants only provided a list of witnesses who resided in either Canada or Mongolia. This showing was insufficient to carry Defendants' burden. See Carijano, 643 F.3d at 1231; Boston Telecomms., 588 F.3d at 1210.

Additionally, the district court's determination that "most documentary evidence will have to be collected and shipped from" Canada or Mongolia is not supported by any evidence in the record. Defendants provided no evidence to the district court regarding the location of any documentary evidence. The only evidence in the record regarding the location of documents cuts the other way:

5

Neelon asserted in his declaration that he possessed several key documents that readily demonstrate the falsity of the alleged defamatory statements made by Defendants. By disregarding the only record evidence on the location of documentary evidence and making a factual finding regarding the location of the documentary evidence not supported by the record, the district court abused its discretion in weighing the evidence. See Carijano, 643 F.3d at 1224 (explaining that district court abuses its discretion when it relies on a clearly erroneous assessment of the evidence).

A district court abuses its discretion in the *forum non conveniens* context "when it fails to hold a party to its 'burden of making a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience,' or when it 'fail[s] to consider relevant private and public interest factors and misconstrue[s] others.'" Carijano, 643 F.3d at 1236 (citations omitted) (quoting Boston Telecomms., 588 F.3d at 1212; Gates Learjet, 743 F.2d at 1337). The district court in this case committed these errors with the result that it applied the "'exceptional tool'" of a *forum non conveniens* dismissal in a case in which the defendants wholly failed to justify such "a drastic exercise of the court's 'inherent power.'" Id. at 1224 (quoting Dole Food Co. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002)). Accordingly, we reverse the order of

6

the district court. The record makes abundantly clear that this case should be litigated in the district where it was filed.

**REVERSED AND REMANDED.**